UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CARL GEE,

                            Plaintiff,

  vs.                                                  9:09-cv-1057
                                                           (MAD/RFT)

**BRIAN FISCHER**, Commissioner of the Department of
Correctional Services; **MARK BRADT**, Superintendent
of Elmira Correctional Facility; **STEVEN WENDERLICH**,
Deputy of Security at Elmira Correctional Facility;
**WILLIAM HOPKINS**, Deputy Superintendent of
Administrative Services at Elmira Correctional Facility;
**NORMAN BEZIO**, Coordinator of the Office of Special
Housing/Inmate Disciplinary Programs; **LIEUTENANT
WILLIS**, Elmira Correctional Facility; **CAPTAIN NOETH**,
Elmira Correctional Facility; **P. GONYEA**, Deputy
Superintendent of Security at Cayuga Correctional Facility;
**CORCORAN**, Superintendent of Cayuga Correctional
Services; **LUCIEN LECLAIRE**, Deputy Commissioner of
DOCS; and **R. RAYMOND**, Correction Officer at Cayuga
Correctional Facility,

                                       Defendants.
_____

**APPEARANCES:**                              **OF COUNSEL:**

**CARL GEE**
**98-B-1658**
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York 12582
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**           **MEGAN M. BROWN, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

      On September 16, 2009, Plaintiff *pro se*, an inmate in the custody of the New York State

Department of Corrections and Community Supervision ("DOCCS"), commenced this civil rights

action pursuant to 42 U.S.C. § 1983. *See* Dkt. No. 1. In his complaint, Plaintiff alleges that, among other things, Defendants violated his due process rights during the course of three separate disciplinary hearings. *See id.* On February 4, 2011, Defendants filed a motion for summary judgment. *See* Dkt. No. 35. Thereafter, on February 18, 2011, Plaintiff opposed Defendants' motion and cross-moved for summary judgment. *See* Dkt. No. 36.

In a September 21, 2011 Report-Recommendation and Order, Magistrate Judge Treece recommended that the Court grant Defendants' motion for summary judgment, deny Plaintiff's cross-motion for summary judgment, and dismiss this case in its entirety. *See* Dkt. No. 42. Specifically, Magistrate Judge Treece recommended that the Court grant Defendants' motion for summary judgment as to Plaintiff's claims relating to the March 13, 2009 and the July 15, 2009 disciplinary hearings because (1) Plaintiff's confinement resulting from the disciplinary hearings "did not implicate a liberty interest," and (2) even if a liberty interest was implicated, Plaintiff was afforded all of the procedural protections to which he was entitled. *See id.* at 11-12, 16-17 & n.13. Regarding the claims surrounding Plaintiff's May 28, 2009 disciplinary hearing, Magistrate Judge Treece recommended that the Court find that this claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641 (1997). *See id.* at 13-16. Further, Magistrate Judge Treece also noted that, even if *Heck* and *Edwards* did not bar this claim, Defendants motion should still be granted because Plaintiff "received all the process he was due at the Disciplinary Hearing in that, as clearly reflected in the record, he was afforded (1) advanced written notice of the charges against him; (2) the opportunity to appear at the hearing, call witnesses, and present rebuttal evidence; and (3) a written statement as to the evidence relied upon and the reasons for the disciplinary action." *Id.* at n.14. Finally, Magistrate Judge Treece recommended that the Court should dismiss any other claim that Plaintiff may have attempted to

2

raise because (1) he failed to provide the Court with enough facts to assess how the alleged actions amounted to a constitutional violation; (2) he failed to address these claims in his cross-motion for summary judgment, thereby abandoning them; and (3) he failed to allege the personal involvement of any particular Defendant regarding his denial of access to the courts claim. *See id.* at 18-19.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and

recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Having reviewed Magistrate Judge Treece's September 21, 2011 Report-Recommendation and Order and the applicable law, the Court finds that Magistrate Judge Treece correctly found that the Court should grant Defendants' motion for summary judgment, deny Plaintiff's cross-motion for summary judgment, and dismiss this action.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Treece's September 21, 2011 Report-Recommendation and Order is **ACCEPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Defendants' motion for summary judgment is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's cross-motion for summary judgment is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case.

**IT IS SO ORDERED.**

Dated: October 19, 2011
Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge